AERONCA, INC., Appellee,

v.

STYLE–CRAFTERS, INC. and Gladding
Corporation, Appellants.

AERONCA, INC., Appellant,

v.

STYLE–CRAFTERS, INC. and Gladding
Corporation, Appellees.

Nos. 75–1897, 75–1898.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 5, 1976.

Decided Sept. 17, 1976.

Edgar Love, III, Charlotte, N.C. (Kennedy, Covington, Lobdell & Hickman, Charlotte, N.C., on brief), for appellant in No. 75–1898 and appellee in No. 75–1897.

Hunter M. Jones, Charlotte, N.C. (Jones, Hewson & Woolard, Charlotte, N.C., and Jonathan N. Brownell, Montpelier, Vt., on brief), for appellants in No. 75–1897 and appellees in No. 75–1898.

Before BRYAN, Senior Circuit Judge, and WINTER and WIDENER, Circuit Judges.

PER CURIAM:

This is the second appeal in this case. Our former opinion is found at 499 F.2d 1367 (4th Cir. 1974). The issue here is largely whether or not the district court

correctly construed our previous opinion in which a more detailed statement of facts appears. We affirm.

On remand, the district court submitted the following issues to the jury, which were answered as indicated:

"1. Did the defendant Gladding Corporation by letter of November 5, 1969, contract to pay $29,472.15 to the plaintiff in satisfaction of the inter-company account between Style-Crafters, Inc., and Microtron Corporation?
ANSWER: Yes.

"2. If so, was this agreement procured by false statements or representations on the part of Microtron Corporation?
ANSWER: No.

"3. Were management fees for the years 1968 and 1969 agreed upon between the joint directors of Microtron Corporation and Style-Crafters, Inc.?
ANSWER: Yes.

"4. If so, what was the reasonable amount of those fees:
 (a) for 1968? ANSWER: $43,493.00
 (b) for 1969? ANSWER: $37,900.00"

■ Style-Crafters and Gladding claim that the answer to question No. 2 should have been "Yes" and that the evidence does not support the "No" answer given by the jury. We have examined the record and find that there was evidence from which the jury could have believed that the information furnished Microtron, the predecessor of Aeronca, was not other than fair. The record fully supports the finding of the jury that the letter agreement of November 5, 1969 was not procured by false statements or representations on the part of Microtron.

It is apparent that if the letter agreement of November 5, 1969 were considered as an independent agreement and not as a guaranty, that would be the end of the case. The parties are not in agreement as to how the letter should be construed and we have

not had called to our attention any construction of the letter by the district court. Suffice it to say here that the letter, in view of the evidence surrounding its execution, might arguably be construed either to be an independent contract or a guaranty.[1]

We have no occasion to express an opinion as to whether the letter is or is not a guaranty, however, because we think the third issue properly submitted to the jury is determinative of the case. As the district court stated, "the uncertainties considered by the Court of Appeals have now been resolved by the testimony."

The only issues over which there was disagreement in the trial on remand were the management fees charged by Microtron to its subsidiary, Style-Crafters, prior to the purchase of Style-Crafters by Gladding. Not only was there overwhelming proof as to the amount of the fees which had been entered on the books in the regular course of business, it is obvious that the figures on the books were correct.

Gladding and Style-Crafters requested the district court to charge the jury that the fairness and reasonableness of the fees was the only issue in the case, rather than the existence of the fees, and this although their existence was the principal issue when the case was here before and one of the reasons the summary judgment was vacated, the other reason being the claimed misrepresentation in the procurement of the letter of November 5, 1969.

The issue of fairness and reasonableness was not before us in the previous appeal. Summary judgment in favor of the plaintiff was vacated there because of an affidavit raising a question "as to whether there was any amount owing to Microtron on the inter-company account.".

This issue was fully litigated on remand, and after hearing extensive evidence on the question, the jury found that Microtron and

1. The body of the letter is:
"I understand that there is outstanding an inter-company account payable by Style-Crafters, Inc. to you in the amount of $29,-472.15. This will confirm our understanding

that said amount, constituting the full amount due and owing to you by Style-Crafters, Inc., will be paid and satisfied on or before January 5, 1970."

Style-Crafters had agreed on the management fees, which, of course, is entirely contrary to the inference we considered in the first appeal from the affidavit from an officer of the subsidiary that he had "no knowledge of any prior authorization or approval of any management fee."

 Gladding and Style-Crafters now claim that not only is the existence of the management fees as a part of the intercompany account in question, but their fairness and reasonableness is also subject to inquiry because they came about by dealings between a parent corporation and its subsidiary. We do not agree.

 Nothing is cited to us to show that a parent and its subsidiary are not free to deal between each other as they please, subject, of course, to the requirements of law, so long as the rights of others are not involved. The rule of close scrutiny does not apply to ordinary business transactions between a parent corporation and its subsidiary unless some other right is adversely affected. See *Bresnick v. Franklin Capital Corp.*, 10 N.J.Super. 234, 77 A.2d 53 (1950), affd. 7 N.J. 184, 81 A.2d 6 (1951). The charge of the district court to the jury to this effect was correct.[2]

 As to the fourth question submitted to the jury, Gladding and Style-Crafters claim that the district court erred in failing to instruct the jury that the burden of proof was on Aeronca to establish the amount of the claim. While in the ordinary case it is true that the plaintiff has the burden of proof in establishing not only his cause of action but also the amount of his damage, in this case the amount of the account was not contested other than as to whether it was reasonable and fair. Because the reasonable and fairness issue contended for by Gladding and Style-Crafters was not a proper one to submit to the jury, the finding of the jury under proper instructions on issue No. 3 is determinative of the case. While the district court recog-

nized that the fourth issue might be superfluous, it submitted the question to the jury for the sake of completeness, and the answer to the question only adds an additional reason to affirm its finding.

We have considered the other assignments of error and find them without merit.

The judgment of the district court is accordingly

*AFFIRMED.*

---

**2.** Cf. *Park Terrace, Inc. v. Burge*, 249 N.C. 308, 106 S.E.2d 478 (1959). *Ballentine on Corporations*, Rev.Ed. § 141.